IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:22-CR-00060-KDB-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHAEL ELLIOT KOHN,<br>CATHERINE ELIZABETH<br>CHOLLET, AND<br>DAVID SHANE SIMMONS,<br><br>Defendants. | <u>**ORDER**</u> |

**THIS MATTER** is before the Court on the Government's Notice of Intent to Use Evidence (Doc. No. 159) and Defendant David S. Simmons' Response in Opposition (Doc. No. 167). The Court has carefully considered the parties' briefs and oral argument on the motion from the parties' counsel on April 4, 2024. For the reasons discussed below, the Court will **allow in part** and **disallow in part** the Government's use of evidence pursuant to Federal Rule of Evidence ("Rule") 404(b) against Mr. Simmons.[1]

The Government seeks to introduce evidence of (1) Mr. Simmons' federal income tax filing and payment history for years predating the ones charged in the Indictment and (2) Mr. Simmons allegedly providing false and unfiled tax returns to banks in support of loan applications. Mr. Simmons argues that this evidence would improperly suggest that he has a propensity to not pay his taxes, the evidence is not necessary to the Government's case, and any probative value is substantially outweighed by the danger of unfair prejudice to Simmons.

---

[1] This Order does not in any manner affect the Court's prior rulings on the use of 404(b) evidence that may be offered against Defendants Michael E. Kohn and Catherine E. Chollet.

1

Rule 404(b)(1) prohibits "[e]vidence of any other crime, wrong, or act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, "Rule 404(b) only excludes bad acts evidence that is extrinsic to the charged offense." *United States v. Denton*, 944 F.3d 170, 185 (4th Cir. 2019) (quoting *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996)). Thus, bad acts intrinsic to the charged offense fall outside the scope of this prohibition.

Bad acts are intrinsic to the charged offense if "they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *Id.* at 186. (quoting *Chin*, 83 F.3d at 88). Prior bad acts are inextricably intertwined with the charged offense if they form "an integral and natural part of the witness's accounts of the circumstances surrounding the charged offense." *Id.* (cleaned up). Bad acts may also be intrinsic when they are "essential to the story of the crime, or provide context to the charged offense." *Howard v. City of Durham*, 68 F.4th 934, 955 (4th Cir. 2023) (quoting *Denton*, 944 F.3d at 186) (cleaned up). This means that even evidence predating the timeframe of the indictment can be intrinsic. *See United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994).

Here, Mr. Simmons is charged with conspiracy to defraud the United States, aiding and assisting in the filing of false tax returns, and filing a false tax return. *See generally* Doc. No. 1. Evidence regarding his tax filing and payment history in years predating the ones charged in the Indictment does not bear directly on those charges. The evidence that Mr. Simmons' allegedly provided false and unfiled tax returns to banks in support of loan applications faces a similar issue. Thus, the Court finds they are not intrinsic to the offense.

Extrinsic evidence of bad acts may still be admissible if it is used for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of

mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Fourth Circuit has held that extrinsic evidence of prior acts becomes admissible under both Rule 403 and 404(b) if it meets the four-factor test established in *United States v. Queen*:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

132 F.3d 991, 997 (4th Cir. 1997). Defendants may receive "additional protection against the pitfalls the rule protects against" with a limiting instruction "explaining the purpose for admitting evidence of prior acts" and/or the requirement that the Government provide reasonable notice of any such evidence before trial. *Id.*; *see also* Fed. R. Evid. 404(b)(3).

### A. Evidence of Mr. Simmons' federal income tax filing and payment history

The Court finds that this evidence does not meet the *Queen* factors at this time. First, evidence of Mr. Simmons' tax history may not be relevant to the issues at hand. The Government's argument is that Mr. Simmons' alleged conduct, going back to 2006, shows that "he was continuing an ongoing scheme of defrauding the United States" and "shirk[ing] his tax obligations." Doc. No. 159 at 6. However, there are no allegations that Mr. Simmons' alleged failure to honor his tax obligations in prior years involves the same conduct as the charged offense here, using the gain elimination plan. *See United States v. Toto-Ngosso*, 407 F. App'x 687, 689 (4th Cir. 2011) (upholding the admission of testimony regarding tax returns not charged in the indictment when they contained false dependents, deductions, and expenses similar to the tax returns prepared for subjects of the indictment); *United States v. Daraio*, 445 F.3d 253, 264 (3d

Cir. 2006) (upholding the district court's decision to admit evidence of defendant's tax returns for earlier years when they demonstrated an "identical scheme and plan to evade income taxes that was used by defendant" in the tax filings subject to indictment). The similarity here between the charged conduct and prior act is merely that Mr. Simmons allegedly eschewed his tax obligations. That is insufficient to establish relevance.

Second, the evidence is not necessary. Under 404(b), evidence is necessary when "considered in the light of other evidence available to the government, it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime." *Toto-Ngosso*, 407 F. App'x at 689 (quoting *Queen*, 132 F.3d at 998). Willfulness is an element of the offenses charged here, but the Government has made no showing of necessity, other than noting "it is necessary because willfulness is an element." Doc. No. 159 at 7. Without more, and especially in light of other admissible evidence, including the evidence discussed next that Mr. Simmons' allegedly provided false and unfiled tax returns to support loan applications, the Government has not shown this evidence is necessary.

Third, without objection from Mr. Simmons, the Court finds this evidence is reliable. *See* Doc. No. 167 at 4.

Fourth, the lack of specific relevance and necessity weighs in favor of finding that the danger of unfair prejudice substantially outweighs the probative value. This line of evidence shows only that Mr. Simmons allegedly had a long-term practice of avoiding his tax obligations. That sort of propensity argument improperly invites the jury "to draw an inference against the defendant, based solely on a judgment about the defendant's criminal character or wicked disposition." *United States v. Sterling*, 860 F.3d 233, 248 (4th Cir. 2017) (citing *United States v. McBride*, 676 F.3d 385, 399 (4th Cir. 2012)).

Accordingly, the Court will not allow the Government to introduce evidence of Mr. Simmons' tax filing and payment history from the years before those charged in the Indictment at this time. However, should Mr. Simmons open the door to this evidence on cross-examination or in his case-in-chief, then the Court may revisit its ruling at that time.

B. **Evidence of Mr. Simmons' history of allegedly providing false and unfiled tax returns to banks**

Next, the Court finds that evidence of Mr. Simmons' history of allegedly using false and unfiled tax returns to support loan applications is admissible under Rule 404(b).[2] First, this evidence is relevant to the charges in this case. Mr. Simmons is charged with filing false tax returns and aiding in the preparation of false tax returns for others (in addition to the conspiracy charge). Thus, evidence that Mr. Simmons knew his returns were false is highly relevant. To that end, evidence that he provided banks with unfiled returns, or those that did not match copies filed with the Internal Revenue Service ("IRS") goes directly to his knowledge and intent. *See United States v. Tolley*, 749 F. App'x 865, 869 (11th Cir. 2018) (upholding the decision to admit falsified tax returns submitted as part of a loan application under Rule 404(b) to show the defendant knew he had been required to file tax returns in the relevant years). This is particularly true for instances in which the returns provided to the IRS reported lower taxable income than those provided to the bank. *See United States v. Ingram*, 556 F. App'x 203, 211 (4th Cir. 2014) (holding that the admitted tax returns used to show defendant "had income from other sources… which he purposefully hid" were relevant to his knowledge of the conspiracy and absence of mistake); *United States v. Meili Lin*, 326 F.R.D. 214, 222 (N.D. Cal. 2018) ("Defendants' statements made to financial institutions

---

[2] The Court's understanding of the government's intention is that it will offer evidence that Simmons submitted to banks altered or unfiled returns for the tax years charged in the indictment. This Order is limited to those tax years.

5

in the mortgage loan applications serve as direct evidence that the Defendants knew their tax returns were false.").

Second, this evidence is necessary because it is probative of Mr. Simmons' intent. Evidence that Mr. Simmons supported loan applications with different tax returns than the ones he filed could plausibly constitute direct evidence that he knew the information on the tax returns submitted to the IRS was false. This is especially true in the case of the bank that informed Simmons that the transcripts it received from the IRS did not match the returns he provided to the bank. Thus, the Government has persuasively argued that this "evidence is crucial to directly showing that Simmons was on notice of the difference" between the filed returns and those provided to his banks. Doc. No. 159 at 10.

Third, again, Mr. Simmons does not contest the reliability of this evidence. *See* Doc. No. 167 at 4.

Fourth, the probative value is not substantially outweighed by the risk of confusion or unfair prejudice. Mr. Simmons has not been charged with bank fraud and, if discussion is limited solely to whether the tax returns used to support loan applications demonstrate Mr. Simmons' intent, knowledge, and lack of mistake, then a limiting instruction from the Court should suffice to reduce any potential for unfair prejudice.

The Court, therefore, will allow the Government to introduce evidence of Mr. Simmons' history of allegedly providing false and unfiled tax returns to banks in the limited fashion described above.

**SO ORDERED.**

Signed: April 9, 2024

Kenneth D. Bell
United States District Judge